IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COUNTRYMAN NEVADA, LLC.**,

    Plaintiff,

v.

**PETER SUAREZ**,

    Defendant.

Case No. 6:15-cv-0436-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Countryman Nevada, LLC ("Countryman") brings this action against Defendant Peter Suarez. Countryman alleges that Defendant copied and distributed Countryman's motion picture *The Necessary Death of Charlie Countryman* ("*NDCC*") through a public BitTorrent network in violation of Countryman's exclusive rights under the Copyright Act. Before the Court is Countryman's amended motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). ECF 38. For the following reasons, the Court grants in part Countryman's motion, and will enter a default judgment against Defendant in the amount of $750, along with injunctive relief.

PAGE 1 – OPINION AND ORDER

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Beginning in 2014, counsel for Plaintiff has filed hundreds of cases in this District asserting that Doe defendants, originally identified only by their Internet Protocol ("IP") addresses, violated the Copyright Act by downloading movies on the internet using a peer-to-peer BitTorrent file sharing protocol. On March 17, 2015, Countryman filed its complaint in this case, identifying Defendant only by his IP address as a person who illegally downloaded *NDCC* using the BitTorrent network. After the Court granted Countryman's motion to subpoena Defendant's internet service provider, Countryman identified Defendant as the subscriber associated with the infringing IP address. On April 2, 2015, Defendant telephoned Plaintiff's counsel, identified himself as Peter Suarez, refused to provide a contact phone number or address, and indicated that his internet service provider may have been "hacked" or an overnight guest may have engaged in the infringing activity. After this telephone conversation, Defendant ceased all communications with Plaintiff's counsel.

On June 18, 2015, Plaintiff filed an amended complaint, naming Peter Suarez as the defendant. Plaintiff was unable to personally serve Defendant, and on September 15, 2015, the Court permitted Plaintiff to serve Defendant via publication and first class mail to Defendant's

PAGE 3 – OPINION AND ORDER

last known address. On January 20, 2016, the Court entered an order of default against Defendant.

On February 18, 2016, Plaintiff filed a motion for default judgment. Plaintiff sought statutory damages in the amount of $7,500. The Court ordered Plaintiff to supplement its filing with further factual and legal information supporting higher statutory damages, particularly in light of the fact that judges in this District regularly award much lower statutory damages. On April 22 2016, Plaintiff filed the pending amended motion for default judgment, seeking statutory damages in the amount of $5,000.

After this case was filed, the District of Oregon issued Standing Order 2016-7, which notifies defendants in BitTorrent cases of their right to request pro bono counsel, and Standing order 2016-8, which requires attorneys for plaintiffs in these cases to forward Standing Order 2016-7 to potential defendants. Because this requirement was not in place when Plaintiff filed its complaint against Defendant, on May 25, 2016, the Court ordered Plaintiff to provide Defendant with a copy of Standing Order 2016-7. On June 30, 2016, the Court appointed pro bono counsel to assist Defendant. On August 10, 2016, appointed pro bono counsel requested that the appointment be terminated because counsel was unable to contact Defendant.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiff's Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

PAGE 4 – OPINION AND ORDER

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiff concedes that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiff seeks only statutory damages. Plaintiff argues that Defendant's conduct was willful and that because he has refused to participate in the legal process, statutory damages of $5,000 are warranted. The Court disagrees.

The Court has awarded statutory damages of greater than $750 under certain circumstances, such as a when a defendant expressly admits to the infringing behavior, is personally served with the lawsuit yet refuses to participate in the lawsuit, and Plaintiff provides evidence of ongoing infringing conduct. *See Automata Prods., Inc. v. Spicher*, 2016 WL 4621198 (D. Or. Sept. 6, 2016). Such facts are not present here. Although the Court deems the factual allegations of Plaintiff's Amended Complaint true because of Defendant's default, in the only conversation between Defendant and Plaintiff's counsel, Defendant did not expressly admit to being the person who downloaded Plaintiff's movies. To the contrary, Defendant verbally denied that claim. Additionally, Defendant was not personally served with service.

PAGE 5 – OPINION AND ORDER

Although there is no evidence indicating that Defendant does not reside at the address to which service was mailed, the Court is reluctant to impose heightened statutory damages upon default when a defendant was not personally served.

Further, the Court agrees with the reasoning of U.S. Magistrate Judge Stacie Beckerman in *Glacier Films*. In her opinion dated June 22, 2016, Judge Beckerman declined to award statutory damages of $2,500 and instead awarded the minimum statutory damages of $750. *Glacier Films*, 2016 WL 3766465, at *3. Judge Beckerman explained:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same move legally. This Court believes that the problem is not with the magnitude of the damages awarded, but the fact that the general public does not appear to be aware of the dozens of BitTorrent copyright infringement actions filed by Plaintiffs' counsel in this district alone. The Court declines Plaintiffs' invitation to punish Defendant with a statutory damages award higher than $750 because he chose not to defend against this copyright infringement action. The Court is not aware of the reasons why Defendant chose not to appear and present a defense in this case, but notes that some individuals may choose to default merely due to the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages. In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages.

*Id.* (citations and footnote omitted) (alteration in original). The considerations noted by Judge Beckerman apply in this case and the Court similarly declines to award greater than the minimum statutory damages in this case.

Plaintiff states in its motion for entry of default judgment that if the Court does not award damages of $5,000 or greater, then Plaintiff will seek to exercise its Seventh Amendment right to

PAGE 6 – OPINION AND ORDER

a jury trial on damages. Plaintiff cites to *Feltner v. Columbia Pictures,* 523 U.S. 340 (1998), for the proposition that there is a Seventh Amendment right to a jury trial for statutory damages under the Copyright Act. This is correct, as far it goes.

*Feltner*, however, did not involve a case in which the Court had granted a plaintiff's motion for default. Plaintiff offers no legal authority for the proposition that the right to a jury trial on damages survives the entry of default. There is, however, substantial case law holding that there is no right to a jury trial for damages after an entry of default, including under the Copyright Act, and including precedent from the Ninth Circuit. *See, e.g.*, *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (finding that a party bears no constitutional right to a jury trial following the entry of default); *Sells v. Berry*, 24 F. App'x. 568, 572 (7th Cir. 2001) ("In the case of a default, only 28 U.S.C. § 1874 may guarantee a right to a jury trial . . . ."); *Graham v. Malone Freight Lines*, 314 F.3d 7, 16 (1st Cir. 1999) ("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default . . . ."); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is also 'clear . . . that in a default case *neither the plaintiff nor the defendant* has a constitutional right to a jury trial on the issue of damages.'" (citing 5 Moore's Federal Practice § 38.19[3] (1992)) (emphasis added)); *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1414 (9th Cir. 1990) (holding in a copyright case that after default, "a party has no right to jury trial under either Fed. R. Civ. P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment"); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) ("[T]he Seventh Amendment right to trial by jury does not survive a default judgment."); *Ballard v. RCM Constr., Inc.*, 2015 WL 4392955, at *2 (S.D. Ind. June 26, 2015), *report and recommendation adopted,* 2015 WL 4393522 (S.D. Ind.

PAGE 7 – OPINION AND ORDER

July 15, 2015) (noting that after an entry of default, "[r]egardless of the nature of the asserted claims, neither a plaintiff nor a defaulted defendant has a constitutional, statutory, or rule-based right to a jury trial on the issue of damages"); *Teri Woods Publ'g, L.L.C. v. Williams*, 2013 WL 6179182, at *4–5 (E.D. Pa. Nov. 25, 2013) (distinguishing *Feltner* because it did not involve a default and citing to "a broad, cross-section of courts" finding that the right to a jury trial does not survive default); *Verizon California Inc. v. Onlinenic, Inc.*, 2009 WL 2706393, at *1–2 (N.D. Cal. Aug. 25, 2009) (distinguishing *Feltner* because it did not involve a default and noting that Rule 55(b)(2) presupposes that a default extinguishes the constitutional right to a jury trial and only preserves the right to a jury trial if that right is protected by federal *statute*, which has been interpreted as preserving the right only for cases brought under 28 U.S.C. § 1874 (citing numerous cases)); *Hornsby v. Three Dollar Cafe, III, Inc.*, 2007 WL 2106304, at *5 (N.D. Ga. July 17, 2007) ("There is no right to a jury trial on damages following the entry of a default."); *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 n.4 (D.D.C. 1994), *vacated on other grounds,* 62 F.3d 1469 (D.C. Cir. 1995) ("The parties are clearly not entitled to a jury trial on the damages question. The sole federal statute that entitles defaulted parties to a jury damages trial is 28 U.S.C. § 1874 . . . ."); *Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115, 116 (D. Me. 1995) ("Caselaw dating back to the eighteenth century . . . makes clear that the constitutional right to jury trial does not survive the entry of default." (citing *Brown v. Van Bramm,* 3 Dall. [U.S.] 344, 355 (1797))).

      The Court follows these cases and finds that Plaintiff is not entitled to a jury trial on the issue of damages. Further, even if the right to a jury trial on damages did survive the entry of default, it would not be permissible under these circumstances. Plaintiff may not request that the Court resolve the question of damages with the caveat that if Plaintiff is not satisfied with the

Court's award, Plaintiff will then demand a jury trial. Awarding damages in a default judgment is at the Court's discretion, and Plaintiff cannot demand an award of any specific amount of damages. Nor can Plaintiff wait and see how much the Court will award in statutory damages and then demand a jury trial if Plaintiff is not satisfied by the amount awarded. As the Ninth Circuit has explained in a similar context, "A party cannot fairly be permitted to gain two chances at victory by waiting until after it is advised of the judge's decision to decide whether to waive its right to a jury. . . . This unsupportable result is akin to allowing a gambler to switch his bet as the horses reach the home stretch." *Fuller v. City of Oakland*, 47 F.3d 1522, 1532 (9th Cir. 1995). Accordingly, Plaintiff's contingent request for a jury trial on damages if the Court awards below $5,000 in statutory damages is denied.

Plaintiff also seeks injunctive relief preventing Defendant from future infringing activity against Plaintiff's motion picture *NDCC*. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Countryman's rights, including without limitation by using the internet to reproduce or copy Countryman's motion picture *NDCC*, to distribute *NDCC*, or to make *NDCC* available for distribution to the public except pursuant to a lawful license or with the express authority of Countryman. The Court also orders Defendant to destroy all unauthorized copies of *NDCC*.

PAGE 9 – OPINION AND ORDER

## CONCLUSION

Plaintiff's amended motion for default judgment (ECF 38) is GRANTED IN PART. Defendant is ordered to (1) pay Countryman statutory damages of $750; (2) cease all activities infringing on Countryman's rights in the motion picture *NDCC*; and (3) destroy all unauthorized copies of *NDCC* in the possession of Defendant.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge